**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

UNITED STATES OF AMERICA

CIVIL ACTION NO. 25-1015

VERSUS

JUDGE S. MAURICE HICKS, JR.

UNOPENED SUCCESSION OF
GEORGIA HALL JOHNSON

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

This matter is before the Court on an unopposed Motion for Summary Judgment (Record Document 15) filed by the Plaintiff, the United States of America ("the United States"). The United States seeks summary judgment in its favor and submits there is no genuine issue of material fact as to whether it may foreclose on Defendant's property to enforce the rights conformed upon it by law. See id. For the reasons set forth below, the Motion for Summary Judgment (Record Document 15) is **GRANTED**.

**BACKGROUND**

Georgia Hall Johnson ("Johnson") executed and delivered to Wells Fargo Bank, N.A. a Closed-End Fixed Rate Note ("Note") dated August 26, 2010, for a Home Equity Conversion Loan ("Loan"). See Record Document 1-1. Simultaneously, Johnson executed and delivered to the Department of Housing and Urban Development ("HUD") a Closed-End Fixed Rate Second Note ("Second Note") for the Loan. See id. The Loan was made under HUD's Home Equity Conversion Mortgage loan program, a reverse mortgage program that does not require the borrower to make monthly or other periodic payments to repay a loan. Under this program, HUD insures reverse mortgages originated by private lenders. The loan balance increases over time and does not become due and payable until the parties who signed the mortgage are deceased or have vacated

1

the premises for a period of one year. See generally Section 255(a) of the National Housing Act, Public Law 73-479, 48 STAT. 1246 (12 U.S.C. § 1715z-20); 24 C.F.R. Part 206, *et seq.*; and all subsequent handbooks (4330.1 REV-5), mortgage letters, etc. promulgated by the Secretary of HUD under the aforesaid regulations.

Johnson promised in paragraph 2 of the Note to pay a principal amount equal to the sum of all loan advances together with interest starting at the rate of 5.490% per annum.  See Record Document 1-1.  Concurrently with the execution and delivery of the Note and for the purpose of securing payment of the Note, Johnson executed, acknowledged, and delivered to Wells Fargo Bank, N.A. a Closed-End Fixed Rate Home Equity Conversion Mortgage, and to HUD a Closed-End Fixed Rate Home Equity Conversion Second Mortgage both filed of record on September 2, 2010, in the Office of the Clerk of Court and Recorder for Caddo Parish, Louisiana, respectively under Registry Number 2311452, in Mortgage Book 5090, Page 330, and Registry Number 2311454, in Mortgage Book 5090, Page 341. See Record Document 1-2.  The Mortgages constitute valid mortgages upon the property ("the Subject Property") described therein as:

> THAT CERTAIN PIECE OR PORTION OF GROUND, together with all buildings and improvements thereon, and all of the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in that certain piece or portion of ground situated in Caddo Parish, Louisiana, and being more fully described as follows, to-wit:
> LOT NINE (9), TERRELL TERRANCE SUBDIVISION, a subdivision of the City of Shreveport, Louisiana, as per map recorded in Plat Book 1000, Page 433, of the Conveyance Records of Caddo Parish, Louisiana, together with all buildings and improvements thereon and with all rights and appurtenances thereto.

The Mortgage held by Wells Fargo Bank, N. A. was assigned to Nationstar Mortgage LLC d/b/a Champion Mortgage Company by that certain Corporate Assignment

of Mortgage dated August 9, 2017, and filed of record on August 17, 2017, in the Office of the Clerk of Court and Recorder for Caddo Parish, Louisiana under Registry Number 2666485.   See Record Document 1-3.   Nationstar Mortgage LLC d/b/a Champion Mortgage Company assigned said Mortgage to the Secretary of HUD by that certain Corporate Assignment of Mortgage dated June 5, 2018, and filed of record on June 11, 2018, in the Office of the Clerk of Court and Recorder for Caddo Parish, Louisiana, under Registry Number 2703169. See Record Document 1-4.

Johnson died on July 9, 2022, while a resident of Shreveport, Louisiana.  See Record Document 1 at ¶ 16.  Based upon an examination of the website of the Caddo Parish Clerk of Court on July 1, 2025, no proceedings for the administration of succession of Johnson have been opened and her succession has not been judicially accepted by her heirs.  See id. at ¶ 17.  Written notice of intent to foreclose and accelerate the Mortgage balance dated July 9, 2024, was mailed to the Estate of Georgia H. Johnson addressed to the Subject Property pursuant to paragraph 8 of the Note and paragraph 16 of the Mortgage.  See Record Document 1-5.

On July 15, 2025, the United States filed a Complaint for In Rem Foreclosure and Sale and Motion to Appoint Representative.  See Record Document 1.  On July 15, 2025, this Court appointed Curator Joseph W. Greenwald, Jr. to represent the Unopened Succession of Geogia Hall, as there had been no proceedings for the administration of succession of Johnson opened, and her succession had not been judicially accepted by her heirs pursuant to La. Code of Civil Pro. Art. 5091A(2)(a).  See Record Document 3. Mr. Greenwald filed an Answer to the United States' complaint on September 9, 2025, denying all allegations in the complaint due to lack of sufficient information to justify a

3

belief.  See Record Document 5.  On November 19, 2025, Mr. Greenwald filed a Report

of Curator setting forth his efforts to provide notice to Defendant.[1]  See Record Document

12.  To date, Mr. Greenwald has not had contact with the Defendant.  See id.  On February

20, 2026, the United States filed the instant motion.  See Record Document 15.  On that

same date, the Court issued its standard Notice of Motion Setting.  See Record Document

16.  The Notice provided:

> Any party who opposes the motion may file a memorandum in opposition within fourteen (14) calendar days from the date of this notice. The movant may file a reply memorandum, without leave of court, within seven (7) calendar days after the date on which the memorandum in opposition is filed.

Id.  To date, no response in opposition to the United States's motion has been filed.

## LAW AND ANALYSIS

### I.    Summary Judgment Standard.

A court should grant a motion for summary judgment when the pleadings, including

the opposing party's affidavits, "show that there is no dispute as to any material fact and

that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56; see also

Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53. (1986).  In

applying this standard, the Court should construe "all facts and inferences in favor of the

nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017);

see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the

non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

---

[1] Mr. Greenwald sent certified mail to Defendant.  See Record Documents 12-1 & 12-2. He also placed an advertisement in the Inquisitor Newspaper that requested Defendant or anyone knowing the Defendant's whereabouts to contact him.  See Record Document 12-3.

As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery.  See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).  Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.  This remains true even when a motion for summary judgment is unopposed, and the motion may not be granted solely because there is no opposition.  See Swafford v. Experian Info. Solutions, Inc., No. 18-789, 2019 WL 5597310, at *3 (M.D. La. Aug. 27, 2019); see also Day v. Wells Fargo Bank Nat'l Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (quoting Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)).  Still, this Court is not required to search the record for materials in support of the nonmovant's claim. See Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 (5th Cir. 1992), opinion corrected Mar. 26, 1992.

II.    **Analysis.**

Pursuant to Title 12, United States Code, Section 1713(k), the National Housing Authority confers upon the Secretary of HUD the power to initiate foreclosure proceedings on property covered by a federally insured mortgage.  HUD authorizes its Secretary to "foreclose on any property or commence any action to protect or enforce any right conferred upon him by any law, contract, or other agreement."  42 U.S.C. § 3535(i)(1).

Based on the undisputed record in this matter, all requirements are met for the United States to foreclose on the property and recover the debt.  See U.S. v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2011).  The documents contained in Record Document 1-1 (the Note, the Loan, and the Second Note) evidence that Johnson signed the Note. HUD

is the present holder of the Note, as shown in Record Documents 1-1 and 1-3.  Finally, the Certificate of Indebtedness and Notice of Intent to Foreclose demonstrate that the Notes are in default.  See Record Documents 1-4 & 1-5.

Additionally, the United States seeks to enforce its rights in this action *in rem* only. It does not assert a right to recover a claim against any party or person *in personam*.  The record establishes that after allowing for all payments and other credits as of August 1, 2024, there is past due and owing under the Note the sum of $122,603.63, plus additional interest on the principal balance of $52,429.42 at the fixed rate of 5.490%.  See Record Document 1-6.  Interest has been accruing after August 1, 2024, at the rate of $20.12 per day.  See id.

Accordingly, this Court finds that the United States is entitled to summary judgment as a matter of law against the Unopened Succession of Georgia Hall Johnson, *in rem* only and not *in personam*, for the amount due and owing to the United States, plus all further advances up to the date of judgment made under the terms of the Mortgage.  The United States, through the United States Marshals Service, is authorized to sell the Subject Property via Lawler Auction Company in accordance with the provisions of Title 28, United States Code, Section 2001.

**CONCLUSION**

Based on the foregoing, the United States's unopposed Motion for Summary Judgment (Record Document 15) be and is hereby **GRANTED**.  The United States may foreclose on Defendant's property to enforce the rights conformed upon it by law.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 15th day of April, 2026.

_____
JUDGE S. MAURICE HICKS, JR.